Lacey Park Volunteer Fire Company No. 1, Appellant *v.* Board of Supervisors of Warminster Township, Bucks County, Pennsylvania, Appellee.

Argued October 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of three.

*Edward D. Foy, Jr.,* with him *William E. Eimer,* and *Liederbach, Eimer, Foy & Hahn,* for appellant.

*Elliott M. Drexler,* with him *Connolly, McAndrews, Kihm & Stevens,* for appellee.

OPINION BY JUDGE WILKINSON, November 10, 1976:

On November 27, 1944, appellant fire company was duly registered as a Pennsylvania nonprofit corporation for the purpose of fighting fires. Sometime in early August of 1975, the Warminster Fire Commission, as authorized by appellee, developed a plan, whereby appellant would be merged or consolidated with another fire company in the township. This plan was presented to appellee on August 25, 1975, however, appellee voted instead to suspend the operations of appellant as of August 29, 1975, and ordered all of appellant's vehicles to be turned over to another local fire company.

On August 29, 1975, appellant sought and was granted a preliminary injunction, enjoining appellee

from effecting a merger of appellant with another local fire company. Several days later, on September 8, 1975, a hearing was held on the injunction, at which time, the injunction was dissolved. On October 10, 1975, the lower court issued an adjudication and a Decree Nisi denying appellant's relief and ordering the transfer of appellant's assets. Appellant then filed exceptions to the findings of fact, conclusions of law and the Decree Nisi, which were dismissed by the court below en banc, hence this appeal.

This case presents two question on appeal.[1] The first is whether the appellee has exceeded its powers in withdrawing appellant's fire fighting territory. The second concerns whether or not appellee can order the transfer of assets, to which it does not hold title, out of the hands of appellant, a nonprofit corporation.

The basis of appellee's regulatory powers over volunteer fire companies and fire fighting in general stems from Section 702 of The Second Class Township Code.[2] The Code provides that:

"Out of the general township fund to purchase or contribute to the purchase of fire engines and fire apparatus, for the use of the township and to ap-

---

[1] The appellee in his brief and also below, raised objection to the sufficiency of appellant's exceptions. While we agree with appellee that Pa. R.C.P. 1518 precludes appellant from taking exception to the discussion in the adjudication of the court below (the lower courts have uniformly held that no exception can be taken to the discussion in the adjudication of the court below, *Recklitis v. Rockville Corporation, et al.*, 27 Bucks Co. L. Rep. 277 (1975), *Whitehall Laboratories v. Wilbar*, 73 Dauphin Co. Rep. 234 (1959)), we disagree with appellee that appellant's exceptions to the findings of law and Decree Nisi were insufficient. Appellant's exceptions were sufficient under Pa. R.C.P. 1518 to preserve the issues for appeal to this Court.

[2] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65704 (Supp. 1976-77).

propriate moneys to fire companies located therein for the operation and maintenance thereof, and for the purchase and maintenance of fire apparatus, and for the construction, repair and maintenance of fire company houses, in order to secure fire protection for the inhabitants of the township. . . . To ordain rules and regulations for the government of such fire companies and their officers.''

While this section does not delineate every power or function of a Second Class Township vis-a-vis its fire protection facilities, it is clear that certain regulatory or managerial powers are inferred. The section clearly states that the procurement of such fire protection facilities, as are needed, are for the benefit and protection of the inhabitants of the township. Thus, the section necessarily implies the power and the responsibility to organize an effective fire protection service for the benefit of the township's inhabitants. As the court below stated:

''It follows that the means of meeting this responsibility necessarily require the exercise of discretion by the governing body in such matters as the assignment of territorial districts to the fire companies. The power to assign territory includes the power to withhold it, even when the result is to exclude a company from all fire fighting activity. Palmer Township Fire Company vs. Township of Palmer, 41 Northampton Co. Rep. 231 (1973).''

Therefore, under The Second Class Township Code, the appellee's decision to suspend the firefighting activities of the appellant was fully within its administrative powers and we find no abuse of discretion in the exercise of those powers.

The final question raised by this case concerns who has control over the appellant's assets. It seems clear that under Section 7549 of the Corporation Not-for-profit Code, 15 Pa. C.S. §7549:

"Every nonprofit corporation incorporated for a charitable purpose or purposes may take, receive and hold such real and personal property as may be given, devised to, or otherwise vested in such corporation, in trust, for the purpose or purposes set forth in its articles."

It is undisputed that appellant is a corporation incorporated for charitable purposes and thus encompassed by this Act. Further, it is undisputed that the real and personal property in question, herein, are titled in the name of the appellant. In a relatively early case, *Bethlehem Borough v. Perserverance Fire Co.*, 81 Pa. 445 (1876), with facts not very much different than those of the case at bar, the Supreme Court of Pennsylvania held that while boroughs may have statutory authority to make regulations concerning the management of fires, such authority

"gives no right to the borough authorities to take out of the possession of an incorporated company the fire-engines and apparatus which is not owned by the borough. It is not given to the borough authorities to decide that the company has forfeited all its rights to the possession and custody of the property it holds in trust, and therefore has no rights entitled to respect. The borough may purchase and own fire-engines or apparatus, or it may appropriate money as a donation to a fire company to assist in their purchase. What the borough owns herself, she may take possession of and control or sell it. What an incorporated company owns the borough cannot control in that manner." 81 Pa. at 458.

The appellant nonprofit corporation owns the equipment and the real estate and until such time as the members decide the future of the corporation and the property, it is premature for the lower court to consider the distribution of such property.

Accordingly, we will enter the following

### ORDER

Now, November 10, 1976, the order of the Bucks County Court of Common Pleas No. 75-8109-08-5, dated February 25, 1976, dismissing the exceptions of Lacey Park Volunteer Fire Company No. 1, is affirmed insofar as it upholds the decision of the Warminster Township Board of Supervisors to suspend the operation of Lacey Park Volunteer Fire Company No. 1, and reversed insofar as it orders the transfer of property, real and personal, titled in the name of Lacey Park Volunteer Fire Company No. 1.