## Buchanan Valley Volunteer Fire Department, Inc. v. Franklin Township

*Samuel E. Teeter,* for plaintiff.
*Kenneth Lee Rotz,* for defendant.

SPICER, *P.J.,* May 19, 1981—Plaintiff is a non-profit corporation organized as a volunteer fire company to fight and control fires in Buchanan Valley, Adams County, Pa. Defendant is a second class township within Adams County.

The Board of Supervisors of the township adopted a resolution on April 17, 1980 which refused to sanction plaintiff as a volunteer fire company. The resolution described in detail the policy considerations which prompted the actions but did not forbid plaintiff from engaging in firefighting activity.

However, the solicitor for the township wrote a letter to plaintiff on April 21, 1980. In the letter the solicitor advised plaintiff "that should the Buchanan Valley Fire Company respond to any fire calls within the confines of the township, appropriate legal action will be taken."

The complaint in this case was not filed until February 17, 1981. We have no indication of what has transpired between April 21, 1980 and the date of the complaint. The complaint alleges that plaintiff suffers continual and irreparable injury. It alleges that inability to function has drastically reduced revenues from donations and contributions and that plaintiff cannot qualify for loans and distributions from the Commonwealth.

Plaintiff asks this court to declare the actions of the township to have been done without authority or in an arbitrary and capricious manner. Plaintiff further requests that the township be enjoined from interfering with plaintiff's activities.

The township has moved to strike the complaint, moved for a more specific pleading, and has demurred to the complaint. The motion for a more specific complaint has not been pursued and it is dismissed.

The motion to strike is based upon a variety of contentions. The kindest thing that can be said for them is that they are ingenuous. The township contends, for example, that we must read the complaint as attempting to state an action in mandamus. Then, the argument goes that there has been an impermissible joinder of mandamus with a request for other relief, and that the complaint fails to comply with the requirements of Pa.R.C.P. 1095. Further, the township says Rule 1020 has been violated because more than one claim for relief has been set forth in one count.

Finally, the township contends that this complaint is really an appeal from the enactment of the resolution. Because not filed within 30 days of enactment, the township argues the complaint must be dismissed, citing 42 Pa.C.S.A. §5571(b).

We quickly dispose of these contentions by finding that this action is not in mandamus, is not an appeal from the enactment of the resolution, and does not violate the rules cited. A request for declaratory relief in an equity action is permissible under Rule 1602. We dismiss, therefore, the motion to strike.

The only question that must be answered relating to the demurrer is whether the allegations that the

township acted in an arbitrary and capricious fashion entitle plaintiff to have its case proceed further.

We think the answer is "no."

Plaintiff's main thrust is that the township has no power to proscribe plaintiff's activities. We will address that argument in a moment. General allegations that the township's actions were arbitrary and capricious are not supported by factual allegations in the complaint. On the contrary, the resolution which was attached as Exhibit A recites meetings, viewpoints, considerations, and policy decisions that would indicate that the action was not arbitrary and capricious.

Therefore, the sufficiency of the complaint must be measured by a very narrow issue which is, does the township have the power to prevent plaintiff from engaging in firefighting activities.

Two opinions, one of which is binding on us, hold that a township has the power to limit and prohibit firefighting activities within the confines of the township: Lacey Park Volunteer Fire Company No. 1 v. Board of Supervisors of Warminster Township, 27 Pa. Commonwealth Ct. 54, 365 A. 2d 880 (1976), affirming in part, 28 Bucks 211 (1976); Palmer Township Fire Company v. Palmer Township, 1 D. & C. 3d 417 (1973).

Plaintiff urges this court to restrict those holdings to their facts. Both cases involved fire companies which received contributions from the townships involved. Plaintiff in this case does not.

Plaintiff would have us, therefore, restrict township's right to regulate to fire companies receiving township contributions.

The Commonwealth Court did not discuss public funding in its opinion in Lacey Park, supra. It held that a township could direct a fire company to

merge with another and suspend firefighting activities in the interim. It also held that the lower court could not order the distribution of property titled in the fire company.

The Northampton County Court in Palmer Township, supra, did discuss public funding. In interpreting the provisions of The Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. §65704, it noted that meaningful contributions to a fire company empowered a township to regulate that fire company. It said at p. 423: "Perhaps a truly 'token' payment of $25 or $50, made only to invoke the township's regulatory power, would not suffice; but that situation is not present here."

The Northampton County Court went on, however, to discuss the powers implied by The Second Class Township Code and held that the code gave powers to the township to take all needful means for securing the safety of persons or property within the township which included power to restrict a fire company's activities.

This court is of the opinion that the township has the power to regulate and to restrict firefighting activities within the township. If the township contributes to the support of the company, its power to regulate is enhanced but contribution is not a condition precedent to the power to regulate firefighting activities.

We reach this conclusion because we agree with the Northampton County Court's analysis. Because fire protection is a matter of township concern, the supervisors have the power to make provision for it for the protection of its citizens and their property. The power to authorize firefighting activity in pursuit of this object includes the power to withhold such authority.

To limit the power to situations involving con-

tributions would require a continuing analysis of the meaningfulness of the contributions. Courts would have to consider whether one substantial contribution gives the township for all time the right to curtail the fire company's activities or whether the right is restricted to the time in which the contribution is received.

We do not interpret the two opinions, supra, as being this restrictive. We note that the Commonwealth Court held that a township had no right to distribute fire company property even though it is evident that public funds purchased the property.

The court notes that both cases discussed involved orders entered after hearing. If plaintiff can allege facts which would substantiate its claims that the township's actions were unreasonable, arbitrary, capricious, and not related to the general welfare of the township, they will be permitted an opportunity to do so.

Therefore, the attached order will be entered.

## ORDER

And now, May 19, 1981, defendant's motions to strike and for a more specific pleading are dismissed; its demurrer is sustained and the complaint is dismissed.

Plaintiff shall have the right to file an amended complaint within 20 days of this date.