## Weitz v. Brighton Township Fireman's Social Hall

*Thomas Gravina,* for plaintiffs.
*Gregory K. Douglass,* for defendants.

SAWYER, *P.J.;* June 3, 1981—This case comes before us on preliminary objections by defendant, Brighton Township Fireman's Social Hall.

The action arises from an accident occurring on the evening of May 25, 1979, at the Brighton Township Fireman's Social Hall. On that date, plaintiff, Donna Weitz, was attending a dinner at the Brighton Township Fireman's Social Hall sponsored by the bowling league of which she was a member. The bowling league had paid a fee to rent the use of the social hall for the night's festivities. During the course of the evening, plaintiff, Donna Weitz, allegedly fell off a balustrade parapet enclosing a staircase, landing on the floor below. As a result of this fall, Mrs. Weitz maintained that she sustained serious bodily injuries.

A complaint was filed by plaintiffs on August 12, 1980, to which defendant, Brighton Township

Fireman's Social Hall, responded with these preliminary objections. Defendant, Brighton Township Volunteer Fire Department, a nonprofit corporation which owns the Brighton Township Fireman's Social Hall, was joined as an original defendant subsequent to the filing of these preliminary objections.

The first objection is in the nature of a demurrer in which defendant, Brighton Township Fireman's Social Hall, avers that, because of its connection with Brighton Township Volunteer Fire Department, it is a political subdivision within the meaning of the Political Subdivision Tort Claims Act of November 26, 1978, P.L. 1399, sec. 101, 53 P.S. §5311.101 et seq. (repealed October 5, 1980)[1] and, thus, under the provisions of that act, is liable for pain and suffering only where there has been death, permanent loss of a bodily function, permanent disfigurement or permanent dismemberment and where no non-life insurance policy provides coverage for the same. The second objection is a motion to strike certain paragraphs of plaintiffs' complaint as contrary to the aforementioned provisions of the Political Subdivision Tort Claims Act which defendant avers are applicable to its situation.

The main issue raised by these objections is whether the Brighton Township Fireman's Social Hall is a political subdivision as defined by the Political Subdivision Tort Claims Act. Our reasons for concluding that it is not are as follows:

Pursuant to making our determination, we con-

1. This act has been subsequently repealed by the Act of October 5, 1980, P.L. 693, sec. 333, and has been replaced by Subchapter C of Chapter 85 of the Judicial Code, 42 Pa.C.S.A. §8541 et seq., relating to actions against local agencies.

sidered the definition of the term "political subdivision" as found in section 102, 53 P.S. §5311.102, of the Political Subdivision Tort Claims Act. That definition reads:

"'Political subdivision.' Any county, city, borough, incorporated town, township, school district, vocational school district, intermediate unit, municipal authority, home rule, optional plan or optional charter municipality, any authority created by one or more political subdivisions, and any board, commission, committee, department, instrumentality, or entity thereof designated to act in behalf of one or more political subdivisions."

It is defendant's position that although volunteer fire departments or volunteer fire department social halls are not specifically included in the definition of "political subdivision," they nonetheless fall within the definition as entities "designated to act in behalf of one or more political subdivisions." Although there is no case law specifically on point in support of this contention, defendant does direct the court's attention to the holding of the Commonwealth Court in Lacey Park Volunteer Fire Company No. 1 v. Board of Supervisors of Warminster Township, 27 Pa. Commonwealth Ct. 54, 365 A. 2d 880 (1976). In that case, defendant asserts the Commonwealth Court established that volunteer fire departments are entities which act on behalf of political subdivisions such as townships. Defendant implied from that holding that all activities engaged in by a volunteer fire department would be protected by the Political Subdivision Tort Claims Act and maintained that the renting out of a social hall owned by the volunteer fire department would thus be considered as acting on behalf of a

political subdivision within the meaning of the act. We do not disagree with defendant's contention that volunteer fire departments can be entities "designated to act in behalf of one or more political subdivisions," however, we cannot agree with defendant's suggestion that volunteer fire departments, no matter what the nature of their activity, fall within the immunity provisions of the Political Subdivision Tort Claims Act. Furthermore, we do not view the rationale employed in Lacey to be supportive of such a conclusion.

In Lacey, supra, the Commonwealth Court specifically held that political subdivisions, such as townships, could only exercise a degree of control over the activity of volunteer fire companies when their activities affected the responsibility which the political subdivision has to provide effective fire protection service for its inhabitants. The court only allowed the political subdivision in that case to exercise its powers with respect to the fire-fighting activities of the volunteer fire department and would not allow the political subdivision to exercise any degree of control over the activities of the volunteer fire department with respect to the assets, such as fire equipment and real estate, which it held in its capacity as a nonprofit corporation. If it follows, as the defendant maintains, that a political subdivision's ability to control a volunteer fire department's fire-fighting activities makes that volunteer fire department's fire-fighting activities acts in behalf of the political subdivision and thus within the meaning of the Political Subdivision Tort Claims Act, then it would also follow that a political subdivision's inability to control the activities of a volunteer fire department with respect to its nonprofit corporation assets make such ac-

tivities fall outside of the concept of acts in behalf of the political subdivision and thus outside of the immunity provisions of the Political Subdivision Tort Claims Act. Therefore, we find the holding in Lacey to be supportive of our conclusion that the nature of the activity done by the volunteer fire department determines whether the Political Subdivision Tort Claims Act applies in a particular case.

Although the proceeds of the rental arrangement between the plaintiff's bowling league and the Brighton Township Fireman's Social Hall partially went to the maintenance of the fire-fighting capabilities of the Brighton Township Volunteer Fire Department, this quality alone does not, in our view, qualify this activity as being sufficiently related to the fire-fighting activities of the fire company which would merit the protection of the Political Subdivision Tort Claims Act.[2]

For this reason, we make the order attached hereto

## ORDER

And now, June 3, 1981, after hearing argument on the above matter and after carefully considering the briefs filed therein, it is ordered and directed that the preliminary objections in the nature of a demurrer and a motion to strike filed by defendant, Brighton Townshp Fireman's Social Hall, are hereby denied.

2. The provisions of new 42 Pa.C.S.A. §8541 et seq. would be in accord with this outcome.