## Maryland Casualty Co. v. Marion Heights Water Co.

*Laurence M. Levin,* for plaintiff.

*Karl Hildabrand,* for defendants Marion Heights Water Co. and National Utilities.

*Roger T. Shoop,* for defendant Borough of Marion Heights.

*Sanford S. Marateck,* for additional defendant Marion Heights Fire Co.

RANCK, *J.,* February 14, 1985—A complaint was filed by plaintiff in this action on March 30, 1984. The action arises out of a fire which occurred in the Borough of Marion Heights on April 15, 1982. On May 29, 1984, defendants Marion Heights Water Company and National Utilities, Inc., filed a complaint to join the Marion Heights Fire Company as an additional defendant.

Before this court for disposition are three matters. Motions for judgment on the pleadings pursuant to Pa.R.C.P. 1034 have been filed by defendant Borough of Marion Heights and by additional defendant Marion Heights Fire Company. In addition, defendants Marion Heights Water Company and National Utilities, Inc., have filed preliminary objections to plaintiff's complaint. We will address each of these matters individually.

A brief summary of the factual background of this case may be helpful in understanding the roles of the various parties. On or about April 15, 1982, a fire broke out in a building located at 143 East North Street in the Borough of Marion Heights. The fire spread out of control to the premises of Edna Amarose. It is alleged that insufficient water pressure and water supply were the reasons that the fire was unable to be confined to the location of its origination. Ms. Amarose sustained damages to her property and was paid $42,222 by plaintiff, for which it is now subrogated.

Marion Heights Water Company and National Utilities, Inc., are Pennsylvania business corporations engaged in the business of supplying water

within the Borough of Marion Heights, including the premises of Edna Amarose. The Borough of Marion Heights is a local government agency organized and existing under the laws of the Commonwealth.

We first address the motion of defendant Borough of Marion Heights for judgment on the pleadings, pursuant to Pa.R.C.P. 1034. For the reasons which follow, this court grants the motion for judgment on the pleadings.

42 Pa.C.S. §8533(d) prevents a subrogation action from being brought against a governmental unit. It provides:

"(d) Insurance benefits. — If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant."

The action which plaintiff has brought against the borough is a subrogation action. It is seeking to recover the amount paid to Ms. Amarose under her insurance policy. Such an action is not allowed against a governmental unit like the Borough of Marion Heights.

In Aetna Casualty and Surety Co. v. Borough of Hamburg, 22 D.&C.3d 454 (1982), the court addressed the same issue. The court found that section 8553(d) placed a limit on the amount of damages for which a political subdivision may be liable. It further found that a subrogation action could not be used to get around such limits. Id., at 458. Plaintiff is standing in the shoes of its insured. As such, any award paid under an insurance policy must be deducted from any damages claimed. Any claim is therefore limited to the amount of uninsured loss.

Wunsch v. The City of Erie, 25 D.&C.3d 742, 744 (1983).

A subrogee possesses no greater rights than its insured. Id., at 745. In the case at bar, plaintiff may claim only that which was not covered by insurance. There has been no allegation in the pleadings of any such amount. All that has been claimed is the amount paid to Ms. Amarose.

It is clear that 42 Pa.C.S. §8553(d) prevents a subrogation action against a political subdivision. The action by plaintiff against the borough is such an action. As such, judgment must be entered in favor of the Borough of Marion Heights.

We next turn to the motion of additional defendant Marion Heights Fire Company for judgment on the pleadings pursuant to Pa.R.C.P. 1034. This motion, too, must be granted.

The Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, provides immunity from liability to local agencies:

"Except as otherwise provided for in this subsection, no local agency shall be liable for any damage on account of any injury to a person or property caused by any act of local agency . . ." 42 Pa.C.S. §8541. This court finds that the Marion Heights Fire Company is a local agency under this section. In making this determination, this court follows prior case law including Lacey Park Volunteer Fire Company No. 1 v. Board of Supervisors of Warminster Township, 27 Pa. Commw. 54, 365 A.2d 880 (1976), and Weitz v. Brighton Fireman's Social Hall, 19 D.&C.3d 216 (1981).

Even had this court not found that a fire department acting as such was a local agency for the purposes of statutory immunity, we believe that they would still be immune. In a well-reasoned opinion, the Honorable Judge Meyers of Columbia County

addressed this point. In Transamerican Freight Lines, Incorporated v. Fenton, 9 D.&C.3d 142 (1979), two justifications were found for a grant of governmental immunity. These were a lack of taxing authority and the curtailment of governmental functions. Id., at 145. A fire department does not have the power to levy taxes in order to raise funds. They must depend on contributions from community members and local municipalities. In addition, if fire departments were forced to pay out on large liability claims, many of them would be forced to close. As Judge Myers so ably put it, ". . . if there is any duty to provide competent fire protection services, that obligation rests squarely with the local municipalities, and not with the fire companies or their volunteers." Id., at 145.

A fire company is not responsible for the water system of a community. These people give freely of their services to help protect the citizens and property of Marion Heights. Absent some unreasonable conduct on its part, a fire department is immune from liability for actions taken in the course of its fire-fighting duties. For all of the reasons given, judgment must be entered in favor of additional defendant Marion Heights Fire Company.

Defendants Marion Heights Water Company and National Utilities, Inc., have filed preliminary objections to plaintiff's complaint. They are in the form of a demurrer and a motion to strike. We will address each part of the demurrer as put forth by defendants.

The first claim is that the complaint fails to set forth a proper cause of action in assumpsit. With this contention we agree. Any contract which may exist for the supplying of water would be between defendants and the Borough of Marion Heights. Ms. Amarose is not a party to any such contract. "Gener-

ally a party to a contract does not become liable for a breach thereof to one who is not a party thereto." Totani v. Lansford-Coaldale Joint Water Authority, 2 D.&C.3d 143 (1975). Any claim based on the operation of the system must be founded in negligence, not on a contract theory. This court has taken a similar position in the case of Yost v. National Utilities, Inc., et al, CV-83-32, Northumberland County, order of August 15, 1983. The preliminary objections as to Counts II and VII are sustained.

Defendants next challenge the claims based on a theory of res ipsa loquitur. We do not believe that res ipsa loquitur is a proper basis for finding liability. Rather, it is a method of proving liability. See Gilbert v. Korvette, Inc., 457 Pa. 602, 327 A.2d 94, (1974). As indicated by its brief, plaintiff agrees with this conclusion. See page four of plaintiff's brief in opposition to preliminary objections. Accordingly, the preliminary objections to Counts III and VIII are sustained.

We next turn to the claims of strict liability. ". . . A plaintiff can recover (under strict liability) if he proves that a product was defective when delivered to the buyer and that the defect caused the plaintiff's injuries." Thompson v. Anthony Crane Rental, Inc., 325 Pa. Super. 386, 473 A.2d 120, 125 (1984). There is no allegation that the product delivered in the case at bar, i.e., water, was defective in any form. Rather, it is the method of delivery that is claimed to be defective. This is negligence and not strict liability.

Plaintiff has cited cases dealing with electricity and natural gas where a court found them to be allowed under a strict liability theory. However, these items are in themselves dangerous items, whereas water is not. With no defect alleged in the product being delivered, we cannot find that defendants can

be held under a strict liability theory. The only product being sold is water. A defective delivery system does not qualify as a product. The preliminary objections to Counts IV and IX are sustained.

Finally, defendants challenge plaintiff's right to collect punitive damages.

"An essential fact needed to support a claim for punitive damages is that defendant's conduct must have been outrageous. Outrageous conduct is an 'act done with a bad motive or with a reckless indifference to the interests of others.' (Citations omitted.)

" 'Reckless indifference to the interests of others,' or as it is sometimes referred to 'wanton misconduct,' means that 'the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.' " (Citations omitted.) Smith v. Brown, 283 Pa. Super. 116, 423 A.2d 743, 745 (1980). For pleading purposes, we believe the allegations of plaintiff are sufficient. It will be up to plaintiff to prove its claims at trial. If plaintiff does not meet its burden, it will be dealt with at that time. Defendant's preliminary objections to Counts V and X are denied.

At this point, all of the pretrial motions have been dealt with by this court. Judgment has been entered in favor of the Borough of Marion Heights and in favor of the Marion Heights Fire Company. Preliminary objections of defendants Marion Heights Water Company and National Utilities, Inc., have been sustained as to Counts II, III, IV, VII; VIII and IX, and the preliminary objections to Counts V and X have been denied.

Therefore, we enter the following

## ORDER

And now, February 14, 1985, after argument and careful consideration, it is ordered and directed that:

1. The motion for judgment on the pleadings filed by the Borough of Marion Heights is granted and judgment is entered in favor of the Borough of Marion Heights and against Maryland Casualty Company.

2. The motion for judgment on the pleadings filed by the Marion Heights Fire Company is granted and judgment is entered in favor of the Marion Heights Fire Company and against Maryland Casualty Company.

## ORDER

And now, February 14, 1985, after argument and careful consideration, it is ordered and directed that:

1. The preliminary objections of defendants Marion Heights Water Company and National Utilities, Inc., are sustained as to Counts II, III, IV, VII, VIII and IX.

2. The preliminary objections are denied as to Counts V and X.

Plaintiffs shall have 20 days to file an amended pleading.