## West Manchester Township v. Bair Community Fire Department

*John C. Herrold,* for petitioner.
*D. Michael Craley,* for respondents.

MILLER, *J.,* December 27, 1990 — This matter comes before the court on a motion for summary judgment filed by respondents. For the reasons set forth herein, we grant respondents' motion and enter judgment in their favor.

Bair Community Fire Company, respondent, was granted a charter as a non-profit corporation on October 23, 1933, pursuant to a decree of the Court of Common Pleas of York County, Pennsylvania. Paragraph two of that charter reads as follows:

"The purpose for which said corporation is formed is the controlling and extinguishing of fires."

Paragraph three of the charter reads as follows:

"The place where the business of said corporation is to be transacted is the Village of Bair, in West Manchester Township, York County, Pennsylvania."

Respondent has operated as a volunteer fire company from the time of its incorporation to the present time. The fire station operated by Bair is in the southwest corner of West Manchester Township, approximately 1,000 feet from the West Manchester Township-Jackson Township municipal boundary and about 2,500 feet from the West Manchester Township-North Codorus Township municipal boundary.

There are three volunteer fire companies within the municipal boundaries of West Manchester Township. Those companies are Lincolnway Fire

Company No. 1, Shiloh Fire Company, and Bair Community Fire Company. Prior to January 1, 1989, the three fire companies served certain defined areas of West Manchester Township. Bair also responded to fire calls outside of West Manchester Township when requested by other municipalities and fire companies. It is uncertain whether the intermunicipality activity was on a first-call basis.

By ordinance effective January 1, 1989, West Manchester Township enacted an ordinance, which provided in section 5 thereof:

"The authority of Bair to fight fires or to provide fire protection within the confines of West Manchester Township is revoked upon the effective date of this ordinance." West Manchester Ordinance no. 88-10.

Since that time, Bair has abided by the terms of the ordinance and has not responded to any fire calls within West Manchester Township. However, it has continued to respond to some calls outside West Manchester Township, and has continued to hold fund raising and social activities. In conjunction with its action prohibiting Bair from fighting fires within West Manchester Township, the township cut off the funding which in the past had gone to Bair. During the year 1989, Bair sold some outdated equipment to raise funds, and borrowed the sum of $2,800 from a local bank, which loan was secured by an encumbrance on one of its active pieces of fire equipment. During the year 1989, Bair responded to 12 fire calls, none within West Manchester Township. Bair has no written mutual aid agreements with any other fire companies or municipalities, but does have verbal agreements with certain other fire companies in adjoining municipalities. Since West Manchester Township revoked Bair's right to fight fires within the township, the members no longer are

covered under that municipality's fireman-related workmen's compensation policy. In order to maintain its equipment and building, Bair has been drawing upon its checking and/or savings accounts, and has solicited the public in the Bair area for contributions.

On March 2, 1989, West Manchester Township filed a petition in the Orphans' Court Division of this court, seeking injunctive relief and an order declaring that the charitable purpose for which Bair had been formed has become impossible of fulfillment, and seeking distribution of the assets of the charitable corporation. Bair filed an answer and new matter on March 27, 1989 to which West Manchester Township filed a reply on May 10, 1989. Depositions and affidavits were filed in support of the parties' positions, and briefs in support of and in opposition to the motion for summary judgment were filed by the parties.

Volunteer fire companies are an integral and necessary part of American society. From colonial times when Benjamin Franklin organized a volunteer company in Philadelphia, men, and, more recently women, have given of their time and efforts to protect the lives and property of their neighbors by banding together to fight fires and to perform other emergency services. Advances in communications, highways, equipment and technology, have made it easier for fire companies to cover a larger area than they could have covered only one generation ago. When there are a number of volunteer fire companies within a municipality, as is the case here, rivalries among the companies are not unheard of, nor is it uncommon for a municipality such as West Manchester Township to concentrate its resources in one or more of the volunteer fire companies within its municipal boundaries. To a degree, then,

Bair Community Fire Company and the citizens of West Manchester Township living in the vicinity of Bair, are caught in the middle of a battle which includes political as well as fiscal and administrative considerations.

Rule 3.1 of the Supreme Court Orphans' Court Rules and Pa.R.C.P. 1035 allow summary judgment to be granted in Orphans' Court matters when the pleadings, depositions and affidavits considered together reveal that there is no genuine issue of any material fact, and that the moving party is entitled to judgment as a matter of law.

West Manchester Township first asks the court to enjoin Bair from diverting the assets of the charitable corporation from the purposes for which they were donated. It is well settled law in this Commonwealth that volunteer fire companies are incorporated for charitable purposes and therefore property owned by a volunteer fire company constitutes a charitable trust, with the officers and directors of the company functioning as trustees of that trust. *Bethlehem Borough v. Perseverance Fire Co.,* 81 Pa. 445 (1876); *Lacy Park Volunteer Fire Company No. 1 v. Board of Supervisors,* 27 Pa. Commw. 54, 365 A.2d 880 (1976).

The issue of the township's standing was not raised, and we conclude, for the purposes of this proceeding, that West Manchester Township has the general power to provide for fire protection within the township. This general regulatory power is sufficient to afford standing to seek the relief asserted by the township.

The petition avers in a number of paragraphs that West Manchester Township "believes" that respondents "intend to sell or otherwise dispose of the assets of the respondent" without obtaining court approval or specifying the disposition of the prop-

erty as required by law. Our review of the pleadings, affidavits, and depositions show no factual basis for this allegation. It is true that certain equipment has been sold by Bair during the past year and that Bair has borrowed funds on the security of its fire fighting equipment. However, the law is clear that a charitable corporation may in good faith sell or dispose of trust assets without judicial supervision or approval so long as the proceeds of the sale are used either for purposes consistent with the corporations's charter, or for the purchase of new fire apparatus. *Bethlehem Borough v. Perseverance Fire Co., supra; Jim Thorpe Borough v. Hoffman,* 12 D.&C. 3d 296 (1979). There is nothing in the record which would in any way indicate that Bair is improperly diverting either its assets or the proceeds of those assets from the charitable purpose or purposes from which the corporation was chartered, nor is there anything in the record which would move the court to enjoin Bair from transferring any of its assets without first having obtained court approval and specifying the disposition of the property. Of course, if in the future it would appear that Bair was disposing of its assets in a manner which required court approval, or began to divert those assets from the charitable purposes of the corporation, then the court would exercise its authority to prohibit such a diversion or transfer. At this point, however, we are satisfied that the record does not raise any material issues which would justify the court in granting injunctive relief.

West Manchester Township also asks the court to enjoin Bair from providing firefighting services outside of the Village of Bair and outside the confines of West Manchester Township. We see nothing in the charter of the fire company that would justify the granting of such an injunction at this time. The

purpose for which the corporation was originally formed was the controlling and extinguishing of fires. Although in the next paragraph, the place of business of the corporation was stated to be the Village of Bair, in West Manchester Township, York County, Pennsylvania, this in our opinion does not restrict the fire company to fighting fires solely within that village. In fact, until January 1, 1989, Bair routinely and on a regular basis fought fires within a significant portion of West Manchester Township outside of the Village of Bair. This was done with the approval of and with funding provided by West Manchester Township. Upon the state of the record, we will refuse the injunctive relief sought by the township in this regard.

The township asks the court to enter an order declaring the charitable purpose for which Bair was formed to have become impossible of fulfillment and asks further that the assets of Bair be distributed in a manner as nearly as possible to fulfill the stated purpose of the charitable corporation. The depositions of the president and the fire chief of Bair Community Fire Company show that the corporation stands ready and willing to provide firefighting services as and when requested. The fact that West Manchester Township has forbidden Bair to fight fires within the township does not mean, as a matter of law, that the charitable purpose for which Bair was incorporated has become impossible of fulfillment. We recognize that the political realities of the situation may make it difficult for Bair to function as an operating fire company, at least within West Manchester Township. But that is not to say that it is impossible for Bair to function in some other manner consistent with the charter, or to offer firefighting services in adjoining municipalities if requested. In coming to this conclusion, we refer to

the factual situation in the case of *Lacey Park, supra.* There, Lacey Park's equipment was apparently lying completely idle, unlike the present situation where Bair's equipment is being used to some degree. In *Lacey Park,* the Commonwealth Court reversed a decree nisi which would have effectively terminated the trust and required the transfer of assets to the municipality, holding in part:

"The appellant non-profit corporation owns the equipment and the real estate and until such time as the members decide the future of the corporation and the property, it is premature for the lower court to consider the distribution of the property." *Lacey Park, supra.*

We conclude, from our examination of the record, which includes the pleadings, affidavits and depositions, that no genuine issue of material fact is presented, and that there is no basis for the court to issue injunctive relief. We are satisfied that respondents are entitled to summary judgment as a matter of law. Accordingly, we enter the following

## ORDER AND DECREE

And now, December 27, 1990, we (1) refuse the injunctive relief sought by petitioner, (2) enter summary judgment in favor of respondents and against petitioner and (3) dismiss the petition.