IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Pysher :
 :
 v. : No. 766 C.D. 2022
 : Submitted: April 3, 2023
Clinton Township Volunteer :
Fire Company, :
 Appellant :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
 HONORABLE CHRISTINE FIZZANO CANNON, Judge
 HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER FILED: May 24, 2023

 Clinton Township Volunteer Fire Company (Fire Company) appeals from a
June 20, 2022 Order of the Court of Common Pleas of Lycoming County (trial
court), which concluded Fire Company is a “local agency” under the Right-to-Know
Law (RTKL).1 The trial court reached this conclusion after this Court previously
remanded the matter for development of the evidentiary record. Pysher v. Clinton
Twp. Volunteer Fire Co., 209 A.3d 1116 (Pa. Cmwlth. 2019) (Pysher I). Upon
review, we affirm on the basis of the thorough and well-reasoned opinion of the
Honorable Eric R. Linhardt.
 This matter stems from a 2017 RTKL request directed to Fire Company by
Todd Pysher (Requester). As set forth in Pysher I, 2 Requester sought:

 1
 Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.
 2
 The procedural history and factual background of this matter are fully set forth in both
Pysher I and the trial court’s opinion accompanying its Order. Therefore, it is unnecessary to fully
restate that information here.
 1. Copy(ies) of any and all written loan agreement(s) during the last
 ten (10) years between Clinton Township Volunteer Fire Company No.
 1 (CTVFC) and any member(s) who received loans from CTVFC,
 including collateral provisions of loan(s), term(s) of loan(s), and rate of
 interest for loan(s).

 2. Copy(ies) of any and all CTVFC meeting minutes during the last
 ten (10) years where loan(s) from CTVFC to any member(s) who
 received loans were discussed and/or approved.

 3. Copy(ies) of any and all bank statement(s) during the last ten (10)
 years showing payment(s) of any and all loan proceeds from CTVFC
 to any member(s) who received loans.

 4. Copy(ies) of any and all bank statement(s) during the last ten (10)
 years showing any and all loan payment(s) from member(s) who
 received loans to CTVFC.

 5. Copy of Form 990 and all Schedules attached to Form 990 that
 were filed with the Internal Revenue Service by CTVFC for calendar
 year 2015.

 6. An itemization of amounts billed to and received from the State
 Correctional Institut[ion] at Muncy and the Federal Penitentiary at
 Allenwood for ambulance services (basic life support) for each
 calendar year beginning in 1999 and ending in 2016.

 7. Page(s) of loan document(s) between CTVFC and Muncy Bank
 and Trust Company showing date of loan origination, loan amount, rate
 of interest, and term of loan.

 8. Copies of bills for electric service for each month of calendar
 year 2016.

Pysher I, 209 A.3d at 1118 (citation to Reproduced Record omitted). Fire Company
responded to the Request asserting it was not a local agency subject to the RTKL
and thus would not otherwise respond to the Request. Id. Requester appealed to the
Office of Open Records (OOR), which, based upon the parties’ position statements,

 2
concluded Fire Company was a local agency. Id. Fire Company filed a petition for
review with the trial court, which affirmed, concluding Fire Company was a “similar
governmental entity” and, thus, a “local agency” under the RTKL. Id.
 On appeal to this Court, Fire Company presented an issue similar to that which
it raises herein pertaining to whether it was a local agency subject to the RTKL.
Concluding the term “similar governmental entity,” as included in the statutory
definition of “local agency,” is itself undefined, we examined how courts have
treated volunteer fire companies under other statutes, including the Pennsylvania
Human Relations Act,3 Pennsylvania Labor Relations Act,4 and the act commonly
referred to as the Political Subdivision Tort Claims Act.5 Pysher I, 209 A.3d at 1121-
22. We likewise considered how other nonprofit corporations have been treated
under the RTKL. Id. at 1123. Therefrom, we derived three factors that should be
considered in determining whether an organization is a “similar governmental
entity” and, thus, a “local agency” under the RTKL: (1) degree of governmental
control; (2) nature of the organization’s functions; and (3) financial control. Id. at
1124. Because the record was devoid of any facts to evaluate these factors, we
vacated the trial court’s order and remanded the matter for the parties

 to produce evidence relevant to the degree of governmental control
 [Clinton] Township exercises over Fire Company, including, but not
 limited to Fire Company’s “organizational structure, purposes, powers,
 duties, and fiscal affairs”; the function Fire Company performs and
 whether it is “a substantial facet of a government activity”; and the
 degree of public funding provided to Fire Company in relation to
 private funds.

 3
 Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§ 951-963.
 4
 Act of June 1, 1937, P.L. 1168, as amended, 43 P.S. §§ 211.1-211.13.
 5
 42 Pa.C.S. §§ 8541-8542.

 3
Id. at 1125 (quoting In re Right to Know Law Request Served on Venango Cnty.’s
Tourism Promotion Agency & Lead Econ. Dev. Agency, 83 A.3d 1101, 1108-09 (Pa.
Cmwlth. 2014)).
 Upon remand, the trial court further remanded to OOR, which ultimately
issued a Final Determination concluding Fire Company is not a “local agency” under
the RTKL. (Trial Court Opinion (Op.) at 7.) Requester subsequently filed a petition
for judicial review with the trial court, which exercised de novo review and held an
evidentiary hearing. (Id. at 7-8.) At the hearing, Requester testified, as did Fire
Chief Todd Winder and Treasurer Ronald Winder. (Id. at 8-15.) The parties also
presented documentary evidence including two RTKL requests directed to Clinton
Township and Brady Township, to which Fire Company provides emergency
services, and the municipalities’ responses thereto, which detailed funding provided
to Fire Company, (Exs. P1 & P2); Fire Company’s Answers to Requester’s
Discovery Requests, which included numerous tax, financial, and corporate
documents, (Ex. P3); and Fire Company’s IRS Form 990, (Ex. P4).
 Based upon the evidence presented, the trial court held Fire Company is a
local agency under the RTKL. In so holding, the trial court considered the three
factors set forth in Pysher I. The trial court noted that Requester and Fire Company
both could “legitimately point to multiple facts in the record in support of their
position.” (Trial Court Op. at 19.) The trial court found the first factor – the nature
of Fire Company’s functions – was a “strong factor in favor of finding that [Fire
Company] is a local agency.” (Id. at 20.) The trial court explained that the provision
of fire and emergency services, which is Fire Company’s primary purpose, is an
essential government function. (Id. at 20-21.) The trial court rejected Fire
Company’s argument trying to distinguish between choosing emergency service

 4
providers, which Fire Company maintained is the Township’s role, and actually
performing those functions, which is Fire Company’s role. (Id. at 20.)
 Concerning the second factor – the degree of governmental control – the trial
court found “[t]his factor is far less determinate than the nature of [Fire Company]’s
functions.” (Id. at 22.) While the trial court found “active control” by the
municipalities was “quite limited,” weighing in favor of Fire Company, it found the
municipalities “exercise passive or political control and oversight over” Fire
Company. (Id. at 22-23 (emphasis in original).) Although they did “not appear to
often wield this oversight offensively,” the trial court found Clinton and Brady
Townships easily could and, depending on what steps they decided to take, “destroy
[Fire Company]’s viability.” (Id. at 23-24.)
 As to the third and final factor – financial control – the trial court found more
than 50% of Fire Company’s funding is from public sources. (Id. at 25.) The trial
court found that the municipalities do not dictate how Fire Company spends its
money on a daily basis but do exert financial control in “many ancillary ways.” (Id.)
The trial court found it important that without the financial support of Clinton and
Brady Townships, Fire Company admitted it “would cease to exist.” (Id. at 25.) In
the trial court’s view, this distinguished Fire Company from the tourism agency in
Venango County. The trial court also found it notable that Clinton Township had
the authority, and exercised that authority, to audit Fire Company, something it could
not do with other third parties with which it contracted. (Id. at 26.)
 Finally, the trial court dispelled concerns of unintended consequences of
holding a private non-profit entity that contracts with the government to be a local
agency subject to the RTKL. (Id. at 27-29.) The trial court explained each inquiry
will be fact dependent and require an application of the three factors. (Id. at 28.)

 5
Moreover, the trial court questioned to what extent other contractors will be
performing governmental functions, which are largely statutorily mandated, such as
here. (Id. at 28-29.) Lastly, the trial court explained that its decision would be
unlikely to impact other government contractors that neither “perform a
quintessentially government function” nor would “cease to exist if the government
terminated the contract.” (Id. at 29.) Fire Company filed a timely Notice of Appeal.
 Before this Court,6 Fire Company argues the trial court erred in concluding it
was a local agency under the RTKL. Fire Company compares itself to other
government contractors, which provide garbage disposal, office supplies, or legal
services. As it did before the trial court, it argued townships are responsible for
determining the means and extent of fire and emergency services, but “[o]nce that
policy decision is made by the township, it then engages . . . [F]ire [C]ompany to
provide the services which it, as the township’s elected representatives, has
determined are appropriate.” (Fire Company’s Brief (Br.) at 10.) Fire Company
argues the trial court wrongly gave greater weight to the first factor, the nature of
Fire Company’s functions, than the second factor, control. Fire Company also
argues that because the municipalities are subject to the RTKL and possess at least
some of the information Requester seeks, it is unnecessary to determine whether Fire
Company is a local agency subject to the RTKL.
 Requester responds that the trial court properly applied the factors we set forth
in Pysher I and correctly determined, based on those factors, that Fire Company is a
local agency. Requester claims it is undisputed that Fire Company provides a

 6
 Our review is “limited to determining whether findings of fact are supported by
[substantial] evidence or whether the trial court committed an error of law, or an abuse of discretion
in reaching its decision.” Kaplin v. Lower Merion Township, 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth.
2011).

 6
governmental function that municipalities are required to provide to its citizens.
Requester acknowledges the municipalities do not exert control over all aspects of
Fire Company’s operations but maintains “[c]ontrol is not simply dictating the day-
to-day operations or organization of” Fire Company. (Requester’s Br. at 15.)
Requester asserts that if Clinton and Brady Townships were not involved, Fire
Company “would not have the level of protection . . . , [] the ability to perform its
necessary functions . . . , or receive the necessary funds to perform its necessary
functions for the municipality. . . .” (Id.) As to the last factor, Requester argues the
municipalities provide an “overwhelming” level of financial control over Fire
Company, without which Fire Company could not survive. (Id. at 15-16.) In
response to Fire Company’s second argument, Requester asserts Fire Company did
not raise it before the trial court and, thus, it is waived. Even if it is not waived,
Requester argues Fire Company “offers no legal holding that validates this
argument.” (Id. at 19.)
 Upon review of the record, the parties’ arguments, and the law, we conclude
the trial court ably resolved Fire Company’s first issue in the thorough and well-
reasoned opinion of the Honorable Eric R. Linhardt. As it does not appear Fire
Company raised the second issue before the trial court, we conclude it was not
preserved for our review. See Pennsylvania Rule of Appellate Procedure 302(a),
Pa.R.A.P. 302(a) (“Issues not raised in the trial court are waived and cannot be raised
for the first time on appeal.”) Notwithstanding that the issue was not preserved, Fire
Company cites no legal authority, nor could we find any, providing that a local
agency subject to the RTKL need not respond to a lawful request simply because the
requested records are available from another source.

 7
 Accordingly, following our careful review, we affirm on the basis of the trial
court’s thorough and well-reasoned opinion in Todd Pysher v. Clinton Township
Volunteer Fire Company (C.P. Lycoming, No. CV-20-01076, filed June 20, 2022)
(appended hereto).

 __________________________________________
 RENÉE COHN JUBELIRER, President Judge

 8
 IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Pysher :
 :
 v. : No. 766 C.D. 2022
 :
Clinton Township Volunteer :
Fire Company, :
 Appellant :

 ORDER

 NOW, May 24, 2023, the Order of the Court of Common Pleas of Lycoming
County, dated June 20, 2022, is AFFIRMED.

 __________________________________________
 RENÉE COHN JUBELIRER, President Judge